PATTERSON, J.
—On the trial of this cause, the court, pnder the defendants’ objection, admitted testimony of one Phillip Gfombrecht respecting the change in rental values of premises belonging to him situated near the property of the plaintiff involved in this action. This testimony was of the same character as that condemned by the court of appeals in the recently decided case of Jamieson v. Railway Co., 147 N. Y 322 ; 69 St. Rep. 688. Even if this evidence is to be considered, the judgment of the court below cannot stand.
But we think that there is another ground in the record for the reversal of the judgment, and that arises in connection with the evidence respecting the fee value of the "premises in question. Substantially the whole issue as to fee value turned upon the testimony of expert witnesses. The plaintiff was obliged to show either a decline in value of his property after the building of the elevated railway, or that his premises had not shared in the advance of values due to the growth and development of the city, participated in by neighboring properties off the line of the elevated railroad. Two findings of fact were proposed by the defendants, and a request made that they be adopted,—one, that the value of -the premises in question was at least $20,000 greater than it was at the period of highest values prior to the building of the defendant’s railway; and the other, that the value of the plaintiff’s lots, excluding the buildings, was at least $40,000 greater than it was prior to the construction of defendant’s railway. If these facts had been found by the learned judge, it seems that they would have compelled a conclusion that there was no real damage to the fee. The testimony of the plaintiff’s professional witness is to the effect that there was an increase in the value of the plaintiff’s lots from 1877 to the present time of about seventy-five per ceiit. The elevated railroad was constructed and put into operation in the year 1878. The evidence does not show anything regarding the increase in values of property off the line of the elevated railroad since it was constructed on Third avenue. We think, therefore, as the case is now presented, the defendants were entitled to the findings of fact requested to be made, and that, had they been found, the result in the court below would have been different.
The judgment must be reversed, and a new trial ordered, with costs to abide the event.
All concur.